UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDY LEE DORTON,<br><br>    Petitioner,<br><br>  v.<br><br>Warden TEWES,<br><br>    Respondent.<br>_____/ | No. C 11-4074 SI (pr)<br><br>**ORDER DENYING HABEAS PETITION** |

## INTRODUCTION

Mindy Lee Dorton, a prisoner currently incarcerated at the Federal Correctional Institution in Dublin, California, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the execution of her sentence. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer, and Dorton has filed a traverse. For the reasons discussed below, the petition will be denied.

## BACKGROUND

Dorton's claim to relief involves the chronology of events relating to her multiple convictions in state and federal courts. The claim also involves the application of 18 U.S.C. § 3585, which allows for credit on one's federal sentence for prior custody under specified circumstances. The question presented by the petition is whether Dorton is entitled to credit on

her federal sentences for time she spent in custody from September 16, 2007 (when she began serving her Nevada state court sentence) through August 25, 2009 (when she began serving her federal sentences).

On December 4, 2006, Dorton was arrested by Nevada state authorities for charges that included uttering a forged instrument. On September 17, 2007, she was sentenced by the State of Nevada to two consecutive 48-month prison terms.

On February 20, 2008, a federal indictment was filed against Dorton in the District of Utah, charging her with several counts, including aggravated identity theft.

On March 19, 2008, a second federal indictment was filed against Dorton in the District of Utah, charging her with possession of controlled substance with intent to distribute.

On April 11, 2008, Dorton was taken by the U.S. Marshals from the Nevada state prison to the District of Utah for prosecution on the federal indictments.

On August 25, 2009, Dorton was sentenced in the District of Utah. She was sentenced to 60 months for possession of a controlled substance with intent to distribute and 24 months for aggravated identify theft. The 60-month sentence was ordered to run concurrently with the Nevada state sentence. The 24-month order was to run consecutive to the 60-month sentence and concurrently with the Nevada state sentence.

On October 16, 2009, Dorton was returned to Nevada state prison after the federal sentencing. She paroled from state prison on July 7, 2010, and was taken into federal custody to serve the federal sentences.

On July 30, 2010, the Bureau of Prisons reviewed her sentencing records, exercised its discretion and determined that her federal sentence could begin on August 25, 2009, the date the federal sentences were imposed. The BOP granted custody credits for certain custodial periods before Dorton was sentenced in state court.

Dorton pursued her administrative remedies, seeking credit for the time period she was in custody before her federal sentences were imposed. (Although there are several dates mentioned in her petition, Dorton clarified in her traverse that the dispute is about credit for the time period from September 16, 2007 through August 25, 2009. She agrees with respondent

that she has already received credits up through September 16, 2007. *See* Traverse, p. 1.)

## DISCUSSION

A.  Jurisdiction And Venue

Habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal petitioner challenging the manner, location or execution of her sentence brings her action pursuant to 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The proper venue for such an action is in the judicial district in which the petitioner is confined. *See id.* at 865. Dorton's action is properly brought under 28 U.S.C. § 2241 because it challenges the execution of her sentence, and is properly brought in this district because she is in custody in this district.

B.  Analysis of The Credit Claim

A federal criminal sentence cannot begin before it is imposed. *See Shelvy v. Whitfield*, 718 F.2d 441, 444 (D. C. Cir. 1983); *United States v. Flores*, 616 F.2d 840, 841 (9th Cir. 1980). Under certain circumstances, a federal prisoner may receive credit against her sentence for time that was spent in custody before the federal sentence was imposed. The relevant statute for the calculation of a term of imprisonment provides the following regarding credit for prior custody:

> Credit for prior custody.–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1)  as a result of the offense for which the sentence was imposed; or
> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). The italicized part of the statute is the problematic part for Dorton.

Here, Dorton seeks credit against her federal sentences for the time period from

September 16, 2007 through August 25, 2009. She plainly is not entitled to such credit because that time already has been credited against another sentence. Section 3585(b) allows credit for time spent in detention prior to the date the sentence commences only if the time "has not been credited against another sentence." Dorton was serving her state sentence on and after September 27, 2007, so that time cannot be credited against her federal sentences.

When Dorton's federal sentences were imposed, the judge ordered that those sentences run concurrently with her state sentence. That order does not help Dorton here. The BOP has calculated Dorton's sentences in a way that the federal and state sentence do run concurrently, but only as of August 25, 2009, the date the federal sentences were imposed. Dorton has no authority for the proposition that the federal sentences imposed on August 25, 2009 reached back and ran concurrently with a state sentence she already was in the midst of serving. To the contrary, § 3585(b) prohibits her desired result because the time served before August 25, 2009 already had been credited against the state sentence. *See generally United States v. Gonzalez*, 192 F.3d 350, 355 (2d Cir. 1999) (court cannot "backdate" a federal sentence to the beginning of a state prison term on related state charges); *Flores*, 616 F.2d at 841 ("a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); *cf. Schleining v. Thomas*, 642 F.3d 1242 (9th Cir. June 27, 2011) (good conduct credit cannot be awarded for time in state custody before federal sentence imposed because federal sentence has not yet started).

As respondent explains, there is a particular kind of credit called *Willis* credit that is an exception to § 3585(b). *Willis* credit stems from *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and was incorporated into BOP policy. In short, the policy allows the BOP to credit an inmate with time spent in state or local custody after the date of the federal offense, but before the imposition of any federal or state sentence, where there are concurrent state and federal sentences, and where the state sentence full-term date is equal to or less than the federal sentence full-term date. *See* Answer, p. 4. Here, *Willis* credit is not available for the time period in question – between September 17, 2007 and August 25, 2009 – because, as of September 17, 2007 the state sentence had been imposed. *Willis* credit does not apply after the state sentencing

4

has occurred because at that point the prisoner's detention cannot be said to be time spent in custody in connection with the federal offense. *See Willis*, 438 F.2d at 925. In fact, *Willis* specifically disallowed credit for the time Willis "was actually serving his state sentence for offenses unrelated to the federal charges." *Id.*

Dorton has failed to show that the BOP's execution of her sentence was in violation of the Constitution, laws or treaties of the United States. Her petition must be denied.

## CONCLUSION

The petition for writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 23, 2012

                                                SUSAN ILLSTON
United States District Judge